IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID PIERCE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　Respondent.<br>_____/ | 1:09-cv-02244 AWI MJS (HC)<br><br>ORDER FOR PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT<br>(Thirty (30) day deadline)<br><br>ORDER PERMITTING RESPONDENT TO REPLY TO PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE |

　　　　Petitioner is a former state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner previously was in the custody of the California Department of Corrections and Rehabilitation (CDCR) following his 2005 conviction for two counts of second degree unarmed robbery. (Ex. 1.) Petitioner was sentenced to six years in prison. Petitioner is not challenging the validity of his conviction; rather, he challenges a prison Rules Violation Report (RVR) issued to him on January 3, 2008 for disobeying a direct order from departmental staff and for which he received a thirty (30) day loss of credit. According to the State of California inmate locator, Petitioner is no longer in the custody of (CDCR).

1    Federal courts lack jurisdiction to decide cases that are moot because the courts'
2 constitutional authority extends to only actual cases or controversies. Iron Arrow Honor
3 Society v. Heckler, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy
4 in which a litigant has a personal stake in the outcome of the suit throughout all stages
5 of federal judicial proceedings and has suffered some actual injury that can be redressed
6 by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot
7 when it no longer presents a case or controversy under Article III, § 2 of the Constitution.
8 Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus
9 is moot where a petitioner's claim for relief cannot be redressed by a favorable decision
10 of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01
11 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is
12 jurisdictional. See Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99
13 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before
14 the Court to be remedied. Spencer v. Kemna, 523 U.S. at 18.

15    A case becomes moot because of the absence of an actual case or controversy
16 where the petitioner no longer suffers or anticipates an injury traceable to the respondent
17 which is likely to be redressed by a judicial decision. Spencer v. Kemna, 523 U.S. at 11.
18 Although a habeas claim for credit on a sentence may be mooted by the petitioner's
19 release, it is also possible that the claim remains viable. For example, a habeas challenge
20 to a term of imprisonment is not mooted by a petitioner's release where the petitioner
21 remains on supervised release and there is a possibility that the petitioner could receive
22 a reduction in his term of supervised release. Reynolds v. Thomas, 603 F.3d 1144, 1148
23 (9th Cir. 2010). In Reynolds, it was held that a proceeding pursuant to 28 U.S.C. § 2241
24 challenging a decision of the BOP denying the petitioner's request for credit towards his
25 federal sentence for days spent in state custody was not moot where the petitioner was
26 released and remained on supervised release, and the BOP's internal, favorable decision
27 did not recalculate the petitioner's release date as the petitioner had requested. Here,
28 however, it is unclear if Petitioner was sentenced to serve a term of parole. Accordingly,
   at present there is nothing before the Court to suggest the existence of any collateral

consequences.

Accordingly, IT IS ORDERED that within thirty (30) days of the date of this order, Petitioner shall show cause why the Court should not dismiss the petition for mootness. If Petitioner files a response to this order, Respondent may file a reply to Petitioner's response no later than ten (10) days after the date of service of Petitioner's response on Respondent. Petitioner is instructed that a failure to comply with this order may itself be considered a basis for imposing sanctions against Petitioner pursuant to Local Rule 110, and may result in dismissal of the petition.

IT IS SO ORDERED.

Dated:   October 16, 2012            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE