1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT FOR THE

9                  EASTERN DISTRICT OF CALIFORNIA

10

11

12    MICHAEL DAVID PIERCE,                1:09-cv-02244 AWI MJS (HC)

           Petitioner,                    ORDER FOR PETITIONER TO SHOW
13                                         CAUSE WHY PETITION SHOULD NOT
      v.                                   BE DISMISSED AS MOOT
14                                         (Thirty (30) day deadline)
      DIRECTOR OF CALIFORNIA
15    DEPARTMENT OF CORRECTIONS            ORDER PERMITTING RESPONDENT
      AND REHABILITATION,                  TO REPLY TO PETITIONER'S
16                                         RESPONSE TO ORDER TO SHOW
           Respondent.                     CAUSE
17
      _____/
18

19
           Petitioner is a former state prisoner proceeding pro se with a petition for writ of
20
      habeas corpus pursuant to 28 U.S.C. § 2254.
21
           Petitioner previously was in the custody of the California Department of
22
      Corrections and Rehabilitation (CDCR) following his 2005 conviction for two counts of
23
      second degree unarmed robbery. (Ex. 1.) Petitioner was sentenced to six years in prison.
24
      Petitioner  is not challenging the validity of his conviction; rather, he challenges a prison
25
      Rules Violation Report (RVR) issued to him on January 3, 2008 for disobeying a direct
26
      order from departmental staff and for which he received a thirty (30) day loss of credit.
27
      According to the State of California inmate locator, Petitioner is no longer in the custody
28
      of (CDCR).

1    Federal courts lack jurisdiction to decide cases that are moot because the courts'

2    constitutional authority extends to only actual cases or controversies. Iron Arrow Honor

3    Society v. Heckler, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy

4    in which a litigant has a personal stake in the outcome of the suit throughout all stages

5    of federal judicial proceedings and has suffered some actual injury that can be redressed

6    by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot

7    when it no longer presents a case or controversy under Article III, § 2 of the Constitution.

8    Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus

9    is moot where a petitioner's claim for relief cannot be redressed by a favorable decision

10   of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01

11   (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is

12   jurisdictional. See Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99

13   (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before

14   the Court to be remedied. Spencer v. Kemna, 523 U.S. at 18.

15   A case becomes moot because of the absence of an actual case or controversy

16   where the petitioner no longer suffers or anticipates an injury traceable to the respondent

17   which is likely to be redressed by a judicial decision. Spencer v. Kemna, 523 U.S. at 11.

18   Although a habeas claim for credit on a sentence may be mooted by the petitioner's

19   release, it is also possible that the claim remains viable. For example, a habeas challenge

20   to a term of imprisonment is not mooted by a petitioner's release where the petitioner

21   remains on supervised release and there is a possibility that the petitioner could receive

22   a reduction in his term of supervised release. Reynolds v. Thomas, 603 F.3d 1144, 1148

23   (9th Cir. 2010). In Reynolds, it was held that a proceeding pursuant to 28 U.S.C. § 2241

24   challenging a decision of the BOP denying the petitioner's request for credit towards his

25   federal sentence for days spent in state custody was not moot where the petitioner was

26   released and remained on supervised release, and the BOP's internal, favorable decision

27   did not recalculate the petitioner's release date as the petitioner had requested. Here,

28   however, it is unclear if Petitioner was sentenced to serve a term of parole. Accordingly,

     at present there is nothing before the Court to suggest the existence of any collateral

1  consequences.

2        Accordingly, IT IS ORDERED that within thirty (30) days of the date of this order,

3  Petitioner shall show cause why the Court should not dismiss the petition for mootness.

4  If Petitioner files a response to this order, Respondent may file a reply to Petitioner's

5  response no later than ten (10) days after the date of service of Petitioner's response on

6  Respondent. Petitioner is instructed that a failure to comply with this order may itself be

7  considered a basis for imposing sanctions against Petitioner pursuant to Local Rule 110,

8  and may result in dismissal of the petition.

9

10  IT IS SO ORDERED.

11  Dated:    October 16, 2012              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28