# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID PIERCE,<br><br>    Petitioner,<br><br>    v.<br><br>DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Respondent. | 1:09-cv-02244 AWI MJS HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION AS MOOT<br><br>(Doc. 19) |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Henry J. Valle, Esq., of the Office of the Attorney General for the State of California.

**I.    INTRODUCTION**

Petitioner is a former state prisoner proceeding without counsel and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary decision and claims violations of his Constitutional and due process rights. (Pet., ECF No. 1.)

On January 3, 2008, Petitioner was issued a rules violation report for disobeying a

1  direct order from departmental staff and for which he received a thirty (30) day loss of credit.
2  (Pet.)

3  On November 5, 2010, Respondent filed an answer to the petition. (Answer, ECF No.
4  15.) Petitioner did not respond to the answer. On October 16, 2012, the Court issued an order
5  to show cause why the petition should not be dismissed as moot. (Order, ECF No. 19.)
6  According to the State of California inmate locator, Petitioner is no longer in the custody of
7  California Department of Corrections and Rehabilitation (CDCR). Petitioner did not file a
8  response to the order to show cause.

## II.  ANALYSIS

10  As indicated above, Petitioner no longer appears to be in custody. Accordingly, the
11 Court must determine whether this action is moot.

12  "A case becomes moot when 'it no longer present[s] a case or controversy under Article
13 III, § 2, of the Constitution.'" Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003) (quoting
14 Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)). A federal habeas
15 petition challenging an underlying criminal conviction is never rendered moot by the petitioner's
16 release from custody so long as there are collateral consequences that flow from the criminal
17 conviction. Wilson, 319 F.3d at 479 (citation omitted). However, "the presumption of collateral
18 consequences does not apply to prison disciplinary proceedings." Wilson, 319 F.3d at 480.
19 In Wilson, the federal habeas petition was filed after the disciplinary action had been either
20 withdrawn or completed. Id., 319 F.3d at 479. The Ninth Circuit concluded that the petitioner
21 had failed to allege any collateral consequences stemming from his prison disciplinary
22 conviction sufficient to meet the case-or-controversy requirement. Id., 319 F.3d at 481-82.

23  Similarly, here, Petitioner was released from custody during the pendency of his federal
24 habeas petition. See also Nonnette v. Small, 316 F.3d 872, 875-76 (9th Cir. 2002) (holding
25 that a habeas challenge to a loss of good time credits is rendered moot by one's release from
26 custody where the discipline had no collateral consequences that followed release); Garrett
27 v. Marshall, 2009 U.S. Dist. LEXIS 97823, 2009 WL 3417786, *2 (C.D. Cal. Oct. 20, 2009)
28 (habeas application challenging prison disciplinary conviction and loss of good time rendered

moot by petitioner's release on parole); Tsehai v. Schwartz, 2007 U.S. Dist. LEXIS 26511, 2007 WL 1087058, at *1 (E.D. Cal. Apr. 10, 2007) (federal habeas petition challenging a prison disciplinary conviction and forfeiture of time credits rendered moot by petitioner's release on parole).

It is speculative to assume that Petitioner would have been released from prison earlier on parole if not for the challenged prison disciplinary conviction. As the Ninth Circuit reasoned in Wilson, "the decision to grant parole is discretionary" and "'the importance attached to any circumstance . . . is left to the judgment of the [parole] panel.'" Wilson, 319 F.3d at 482 (citing Cal. Code of Regs. tit. 15, § 2402(c)). Therefore, "the likelihood of delayed or denied parole is a type of nonstatutory consequence dependent on discretionary decisions that is insufficient to apply the presumption of collateral consequences." Id. at 481; Norman v. Salazar, 2010 U.S. Dist. LEXIS 52280, 2010 WL 2197541, at *2 (C.D. Cal. Jan. 26, 2010) ("Although a disciplinary conviction may not help an inmate who is seeking release on parole, it is only one of a 'myriad of considerations' relevant to a parole decision and does not inevitably affect the length of the prisoner's sentence); Gayles v. Sisto, 2010 U.S. Dist. LEXIS 2748, 2010 WL 231382, at *2 (E.D. Cal. Jan. 13, 2010) ("[T]he potential use of the 115 in future parole proceedings is too speculative to be considered a collateral consequence . . . ."); James v. Castellaws, 2008 U.S. Dist. LEXIS 66306, 2008 WL 4058477, at *1 (N.D. Cal. Aug. 28, 2008) (habeas action challenging disciplinary action and loss of good time credit was moot because the punishment imposed had expired and allegations that the rules violation finding may result in a delay or denial of parole were too speculative to constitute sufficient proof of collateral consequences).

Petitioner is no longer in custody for this violation. Petitioner brought the present action to challenge a disciplinary violation and relief is now unavailable as the claim is moot. Petitioner has not shown that collateral consequences result from the disciplinary proceeding. As such, Petitioner's claim is moot and the Court recommends the petition be dismissed.

### III. CONCLUSION

Because Petitioner has been released on parole, this Court cannot grant any

meaningful relief to Petitioner. Therefore, this Court recommends the action be dismissed as moot.

## IV. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     January 23, 2013                        /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE